**UNITED STATES of America,**

v.

**Richard HORNE, Appellant.**

**No. 01–3479.**

United States Court of Appeals, Third Circuit.

Submitted July 23, 2002.

Decided July 30, 2002.

Before SLOVITER, NYGAARD, and BARRY, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, Richard Horne, contends that the sentencing court violated his Eighth Amendment right to be free from cruel and unusual punishment, when it sentenced him as a career offender to 84 months' incarceration for the delivery of one gram of crack cocaine. We will affirm.

Most of the facts leading to Appellant's arrest and conviction are of importance to

neither his argument nor our decision. So, we will omit them, except as are necessary to explain why we are affirming. The Guideline sentence for Appellant's offense—selling one gram of crack cocaine—was 30 to 37 months. He is, however, classified as a career offender because he had two uncontested predicate offenses involving drugs. Horne does not challenge his career offender status. But, because of the classification, the Guidelines call for an enhancement from 30–37 months, to 151–188 months, which he argues is both cruel and unusual.

In *United States v. Shoupe*, 35 F.3d 835 (3d Cir.1994) we held that a District Court may depart downward on a defendant's base offense level if the defendant's career offender status over-represents his criminal history and likelihood of recidivism. That is precisely what the District Court did in this case—it exercised its discretion and lowered his criminal history category to V, and dropped the offense level to 23, indicating a range of 84 to 140 months. This decision is well within the considerable discretion given by the Guidelines to the District Court, and is not challenged by the government. The court sentenced him to 84 months of incarceration.

Finally, this sentence, lying at the absolute bottom of the range, does not offend the constitutional proscription of cruel and unusual punishments. The Eighth Amendment only prohibits a sentence that is grossly disproportionate to the severity of the crime. *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The District Court did all it was required to do and left this sentence within the constitutional range of proportionality.

---

* Honorable Thomas N. O'Neill, Jr., Senior United States District Judge for the Eastern

In sum, for all of the foregoing reasons, and the reasons given by the District Court, we will affirm.